UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| STEPHANIE STANTON,<br><br>Plaintiff,<br><br>v.<br><br>UNION GENERAL HOSPITAL, INC.,<br><br>Defendant. | **Civil Action File No.**<br>2:22-CV-051-RWS-JCF<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Stephanie Stanton ("Ms. Stanton") states her complaint against the above-named Defendant as follows:

1. This is a complaint for interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

2. This Court has jurisdiction over Ms. Stanton's claims, and venue is proper in this Court.

3. Defendant Union General Hospital, Inc. ("Union General Hospital") is a Georgia corporation that conducts business in the State of Georgia. Union General Hospital operates a hospital in Blairsville, Georgia. Union General Hospital's registered agent is Kevin Bierschenk, whose office address is 35 Hospital Road in Blairsville, Georgia.

4. Ms. Stanton began employment with Union General Hospital in or about October 2018.

5. On or about March 2, 2020, Ms. Stanton began experiencing a serious health condition that required her to take leave from work.

6. On or about March 4, 2020, Ms. Stanton requested to take leave under the FMLA by submitting a completed FMLA certification form to Union General Hospital's HR department.

7. Union General Hospital denied Ms. Stanton's FMLA request and terminated her employment on March 23, 2020.

8. Ms. Stanton worked more than 1,250 hours for Union General Hospital during the 12-month period preceding March 2, 2020.

9. During the calendar years 2019 and 2020, Union General Hospital employed 50 or more employees within 75 miles of its hospital in Blairsville, Georgia.

10. FMLA Interference Claim - Defendant violated the FMLA by (1) failing to notify Ms. Stanton of her FMLA rights after learning of her need for leave, (2) failing to allow Ms. Stanton FMLA leave, and (3) terminating Ms. Stanton's employment instead of permitting her to take FMLA leave.

11. FMLA Retaliation Claim – Defendant also violated the FMLA by terminating Ms. Stanton's employment due to her need for FMLA leave. More specifically,

Defendant routinely allows employees leave from work for personal and other reasons not related to a serious health condition. However, upon learning of Ms. Stanton's need for FMLA leave due to her serious health condition, Defendant terminated her employment instead of notifying Ms. Stanton of her right to take such leave and/or allowing her to take FMLA leave to which she was entitled.

12. The above-described FMLA violations were committed by Defendant willfully or with reckless disregard for Ms. Stanton's rights under the FMLA. Based on the above facts, Ms. Stanton requests a jury trial on all triable issues and asks the Court for the following relief: back pay, liquidated damages as permitted by the FMLA, front pay, prejudgment interest, litigation costs, attorneys' fees, and other relief deemed appropriate by the Court.

Respectfully submitted on March 14, 2022.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com